UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-133-TBR

OHIO RIVER TRADING CO., INC.                                                                    PLAINTIFF

V.

CSX TRANSPORTATION, INC.                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant CSX Transportation's motion to alter or amend the Court's Opinion and Order granting Plaintiff Ohio River Trading Company's motion to remand (DN 17). Plaintiff has responded (DN 19). Defendant has replied. This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff Ohio River Trading Company (ORTC) filed a Verified Petition for Condemnation in Todd County Circuit Court pursuant to the Kentucky Eminent Domain Act, KRS 277.040 and KRS 416.540 et seq. The real property that is the subject of this action is located in Todd County, Kentucky. Defendant CSX Transportation (CSXT) filed a Petition for Removal (DN 1) based on § 1332 diversity jurisdiction. ORTC then filed a motion to remand. By Opinion and Order dated October 26, 2011, this Court granted ORTC's motion to remand finding that the Court lacked § 1332 diversity jurisdiction because CSXT could not show that the amount in controversy requirement had been met. DN 16. Additionally, the Court denied CSXT's motion for leave to file an amended petition for removal based on federal question jurisdiction, concluding that there was no basis for finding that the Interstate Commerce

Commission Termination Act (ICCTA) preempted the relevant state law in this action. *Id*. Specifically, the Court stated the following:

> Here, there is no design for the railroad crossing before this Court. The only statement as to the proposed design of the crossing comes from ORTC, which stated that three vehicles will be able to occupy the widened crossing at the same time: one entering, one exiting right, and one exiting left. Besides CSXT's assertion that allowing multiple trucks to simultaneously cross the track will increase collision risks, there is no evidence that this design poses undue safety risks. Trucks already use this crossing to access U.S. Highway 41 and it is difficult to ascertain how the already-present risk of collision is increased by widening the crossing.[5] In fact, this type of risk is present at all railroad crossings and does not impede railroad operations or pose undue safety risks.[6] Accordingly, there is not a sufficient basis for finding that the ICCTA preempts this matter.
> 
> --------
> [5] Plaintiff ORTC points out that because trucks already using the crossing must cross one at a time, allowing multiple trucks to cross simultaneously will reduce the amount of time that trucks are crossing the tracks.
> [6] Additionally, Judge McKinley has previously ruled that if CSXT wishes to add safety features it must do so at its own expense

CSXT now moves this Court to amend its October 26, 2011 Opinion and Order "for the limited purpose of ensuring the record in this matter is clear for purposes of continued proceedings in the state court on remand." Specifically, CSXT requests that this Court strike the reference to Judge McKinley's Opinion and Order entered September 29, 2000 in footnote 6 and explicitly limit its ruling to a lack of subject matter jurisdiction so as not to have any preclusive effect upon subsequent proceedings on issues related to safety or preemption. In response, ORTC contends that this Court's ruling should be construed as a substantive ruling on the issues of safety and preemption.

## ANALYSIS

1. **Reference to Judge McKinley's Opinion and Order**

CSXT requests that this Court strike the reference to Judge McKinley's Opinion and Order entered September 29, 2000 in footnote 6. ORTC quoted that Opinion and Order in its

Reply in Support of its Motion to Remand in this action: "Judge McKinley held that if CSX wishes to add safety features it must do so at its own expense. That ruling should be res judicata for any claim CSX would make as to safety." DN 15 at p. 9-10. However, Judge McKinley's subsequent January 27, 2001 Memorandum Opinion and Order explicitly struck that statement from his earlier opinion. Because this footnote was based on a subsequently stricken statement, footnote 6 is stricken from the Memorandum Opinion and Order.

2.  **Effect of Court's Ruling on Motion to Remand**

CSX also requests that this Court clarify its basis for finding a lack of subject matter jurisdiction and explicitly state that its Order is not preclusive in subsequent proceedings on any issues related to safety or preemption. ORTC requests this Court to make the affirmative determination that its Order is preclusive in subsequent proceedings.

The Court's basis for finding a lack of federal question jurisdiction is clear in its Memorandum Opinion and Order. Stating that subject matter jurisdiction is based on the facts surrounding the railroad crossing design on record at the time of removal, the Court noted that there was "no design for the railroad crossing before this Court" and that there was "no evidence that [a design allowing multiple trucks to simultaneously cross the track] poses undue safety risks." DN 16 at 8-9. The Court concluded that "there is not a sufficient basis for finding that the ICCTA preempts this matter." *Id*. at 9. This Court's ruling on its motion to remand is clearly limited to a finding that, *based on the record before the Court at the time of removal*, there was no evidentiary basis for finding that the ICCTA preempted this matter.

As CSX has noted in its motion to amend or alter, a district court's jurisdictional ruling remanding an action to state court generally has no preclusive effect on the merits of the action and does not preclude a party from arguing the issue of preemption before the state court. *See*

*Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1399 (6th Cir. 1995) ("The fact that a defendant may ultimately prove that a plaintiff's claims are pre-empted . . . does not establish that they are removable to federal court. The federal preemption defense in such nonremovable cases would be decided in state court . . . ." (internal quotations omitted)); *see also Baldridge v. Kentucky-Ohio Transp., Inc*., 983 F.3d 1341, 1343 (6th Cir. 1993) (holding that the district court's findings in relation to its order remanding action to state court for a lack of jurisdiction were purely jurisdictional and that defendants could raise merits of their preemption defense in state court). However, this Court's opinion as to the issue of res judicata is immaterial. If ORTC does argue that this Court's Order should be res judicata as to any arguments on the issues of safety or preemption, such an argument would be made in, and determined by, the state court to which this Court remanded this action. For this reason, the Court declines the invitation of the parties to make a finding as to the effect of its Order.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant CSX Transportation's motion to alter or amend the Court's Opinion and Order granting Plaintiff Ohio River Trading Company's motion to remand (DN 17) is GRANTED IN PART and DENIED IN PART. Footnote 6 of this Court's October 26, 2011 Memorandum Opinion and Order (DN 16) is hereby stricken.